<hr />

MORGANS v. ADEL.

No. 11,155; May 19, 1888.

18 Pac. 247.

**Evidence—Account-books—Partnership.**—In an action to recover money due on contract, where one furnishes material and another does work under an agreement to divide the profits, the original books of entry of the parties are proper evidence to show the amount of work done.[1]

**Appeal—Conflicting Evidence.**—On a Trial to the Court the finding will not be disturbed where the evidence is conflicting.

APPEAL from Superior Court, Santa Clara County; F. E. Spencer, Judge.

<hr />

[1] Cited in a note in 138 Am. St. Rep. 471, on account-books as evidence.

Action by C. H. Morgans against William T. Adel to recover money due on contract, under the following state of facts. Defendant, being engaged in the business of carriage-making, in all its branches, and having a paint-shop in connection with said business, employed plaintiff to paint vehicles upon mutual agreement between them that defendant build, furnish all the materials, shop utensils, and appliances, and collect all sums due for painting from customers, and the plaintiff should perform all the labors in and about painting all the vehicles and usual work that would be brought into a carriage-shop; that, as compensation for his labor, and that of any and all employees in and about such painting, it was agreed that the plaintiff should receive from the defendant from time to time a share or portion of sums charged by defendant to customers for said work sent them, to be thereafter agreed upon, and to be a just proportion of the whole price charged.

J. B. Lamar and W. B. Hardy for appellant; C. D. Wright and John Reynolds for respondent.

FOOTE, C.—This is an action for work and labor performed by the plaintiff as a painter for the defendant. Upon a cross-complaint the court below rendered judgment for the defendant, which, upon motion being made for a new trial, was modified in favor of the plaintiff to the extent of lessening the sum of money for which the original judgment was given, and, the defendant agreeing to the reduction thus made, the motion for new trial was refused. From the judgment and order this appeal is prosecuted.

It is claimed that the court erred in finding that there was a special agreement between the parties as to the manner and amount of plaintiff's compensation. There was a very decided conflict of evidence upon the point, and it is evident from the record that the very experienced judge who tried the cause had a better opportunity than we can have to determine upon which side preponderated the weight of testimony; hence his findings should not be disturbed. The objections to the introduction in evidence of the two books, entitled "Paint-shop Book, 1882," and "Paint-shop, 1883," and of Exhibit

A of the defendant, at folio 104 of the transcript, are untenable. They were original books of entry of the parties, and shed light upon the question as to what charges were made, the work performed by plaintiff, and the amount thereof, so that there might be ascertained what was his fair proportion or percentage for his labor. We perceive no error in the record, and advise that the judgment and order be affirmed.

We concur: Belcher, C. C.; Hayne, C.

Per CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.